IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL ALONZA RUFUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-209 (MTT) |
| | ) |
| BALDWIN COUNTY GEORGIA, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Pro se plaintiff Michael Alonza Rufus moves for reconsideration of the Court's prior Order (Doc. 15) and judgment (Doc. 16) pursuant to Federal Rules of Civil Procedure 52 and 59(e). Doc. 17. For the following reasons, Rufus's motion (Doc. 17) is **DENIED**.

As an initial matter, Federal Rule of Civil Procedure 52 applies to actions tried without a jury and to the issuance of interlocutory injunctions. The Court has not held a trial in this action, nor has it issued any injunction. As such, Rule 52 provides no basis for relief. Instead, Rufus's motion is properly construed as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e).[1] *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (construing a post-judgment motion for reconsideration as a

---

[1] Motions filed pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Although the Court did not receive Rufus's motion until January 25, 2024, the certified tracking number receipt on the attached envelope indicates that the United States Post Office was in possession of the envelope containing the motion on November 20, 2023. Plaintiff therefore must have delivered the motion to prison officials prior to that date, and the motion is considered timely filed under the prison mailbox rule. *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (court generally deems a prisoner document filed on the date prisoner delivers it to prison officials for mailing).

Rule 59 motion to alter or amend the judgment). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Importantly, such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *accord Mays*, 122 F.3d at 46 ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

Rufus's motion does not describe any newly discovered evidence that would warrant reconsideration in this case. Instead, Rufus first seems to argue that the Court made manifest errors of law or fact by failing to consider his objections. Doc. 17 at 1. As set forth in the dismissal order, however, the Court did consider Rufus's objections but found they lacked merit. Doc. 15 at 3. Rufus additionally argues the Court erred by failing to address certain substantive arguments. Doc. 17 at 2-3. But even assuming any of Rufus's substantive grounds for relief had any merit, the Court also dismissed this action for Rufus's repeated failure to comply with the Court's orders and instructions. Doc. 15 at 2-3. Rufus did not address this separate, independent basis for dismissal in his motion.

Accordingly, Rufus's motion for reconsideration (Doc. 17) is **DENIED.**[2]

---

[2] Rufus also mentions his belief that the undersigned has a financial interest in this case. Doc. 17 at 2. Rufus has not alleged any facts to support his speculative assertion that the Court received some sort of payments prohibited by 5 U.S.C. § 5531 and § 5533 and therefore has a financial interest in this action. Thus, even if this statement could be construed as seeking recusal pursuant to 28 U.S.C. § 455(b)(4),

**SO ORDERED**, this 20th day of February, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

recusal is not warranted.  *In re African-American Slave Descendants Litig.*, 307 F. Supp. 2d 977, 988-89 (N.D. Ill. 2004) (finding that mere speculation regarding judge's financial interest in outcome of a case is not sufficient to warrant judge's recusal).